UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HOMELIFE IN THE GARDENS, LLC ET AL.                         CIVIL ACTION

VERSUS                                                       No. 16-15549

LEIGH LANDRY                                                 SECTION I

ORDER

Before the Court is defendant Leigh Landry's motion[1] to dismiss the above-captioned matter for lack of subject matter jurisdiction. Plaintiffs—who base jurisdiction on 28 U.S.C. § 1332 (diversity of citizenship)—oppose[2] the motion.

For the foregoing reasons, the Court denies the motion.

Section 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Courts have long understood § 1332 to demand complete diversity. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). Complete diversity "requires that all persons on one side of the controversy be citizens of different states

---

[1] R. Doc. No. 37. Landry's motion is styled as a motion to dismiss pursuant to Rules 12(b)(1) (lack of subject matter jurisdiction), 12(b)(2) (lack of personal jurisdiction), and 12(b)(3) (improper venue) of the Federal Rules of Civil Procedure. *See id.* However, Landry limits her argument to Rule 12(b)(1) in her memorandum in support of her motion. *See* R. Doc. No. 37-1. Therefore, the Court will also limit its analysis to Rule 12(b)(1).
[2] R. Doc. No. 39.

than all persons on the other side." *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004).

All parties agree, and the Court does not dispute, that Landry is a citizen of Louisiana. Landry argues that one of the plaintiffs—HomeLife in the Gardens, LLC ("HomeLife")—is also a Louisiana citizen, thereby violating the complete diversity rule.[3]

"[T]he citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). According to Landry, F. Evans Schmidt—a Louisiana citizen and HomeLife's counsel in this case—is a member of HomeLife.[4] As such, Landry contends that complete diversity does not exist.

After inquiry by the Court,[5] Schmidt declared under penalty of perjury that he was indeed a member of HomeLife until October 7, 2016, when he sold his interest in the company.[6] Schmidt also submitted a bank record documenting the transfer of funds pursuant to the sale on that date.[7] The Court may accept Schmidt's declaration and bank record as competent evidence in its jurisdictional inquiry. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (When a party "challenges the existence of subject matter jurisdiction in fact," the Court may consider "matters outside the pleadings, such as testimony and affidavits," to determine whether

---

[3] *See* R. Doc. No. 37-1.
[4] *Id.* at 4
[5] *See* R. Doc. No. 42.
[6] *See* R. Doc. No. 43-1, ¶¶ 2-3.
[7] *See* R. Doc. No. 43-2.

jurisdiction exists.). The Court therefore concludes that Schmidt was not a member of HomeLife as of October 14, 2016, the filing date of the present case.

As such, complete diversity existed in this case on the date of filing.[8] Looking to that date, the Court possesses subject matter jurisdiction over the case. *See Thompson v. Greyhound Lines, Inc.*, 574 Fed. App'x 407, 408 (5th Cir. 2014) ("Diversity jurisdiction is based on the facts at the time of filing.").

Accordingly,

**IT IS ORDERED** that Landry's motion to dismiss for lack of subject matter jurisdiction is **DENIED**.

New Orleans, Louisiana, July 27, 2017.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[8] The Court notes that the present case is not the first case to feature a dispute between these parties. On September 27, 2016, these same plaintiffs filed suit against Landry in this Court asserting substantially the same claims as in the present case. *See Rankey et al. v. Landry*, No. 16-14968, Dkt. 1 (E.D. La. 2016). This first case was voluntarily dismissed by the plaintiffs on October 7, 2016—the same day that Schmidt sold his stake in HomeLife. *See id.*, Dkt. 11. Schmidt represents to the Court that the dismissal of the first case was to permit "additional time" to "investigate the citizenship of the parties." Case No. 16-15549, R. Doc. No. 43-1, ¶ 9.

Schmidt stretches the term "investigate" to its breaking point: Schmidt did not want time to "investigate the citizenship of the parties," but rather wanted time to refile the case after changing HomeLife's citizenship. By first selling off his interest in HomeLife and then refiling the case, Schmidt created the complete diversity that— it is now obvious—was lacking in the first case. While Schmidt and HomeLife should have been more forthright with the Court, current law permitted them to act as they did. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 581 (2004).