UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HOMELIFE IN THE GARDENS, LLC ET AL. | CIVIL ACTION |
| VERSUS | No. 16-15549 |
| LEIGH LANDRY | SECTION I |

### ORDER AND REASONS

Leigh Landry ("Landry") has filed a motion[1] for leave to file an untimely opposition to plaintiffs' motion for summary judgment as to Landry's counterclaims. Landry represents to the Court that plaintiffs oppose the motion.[2]

Local Rule 7.5 provides that "[e]ach party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date." The submission date for plaintiffs' motion for summary judgment was December 27, 2017—the date on which Landry first attempted to file her opposition.[3] Thus, Landry's opposition was untimely.

"Federal Rule of Civil Procedure 6(b)(1) grants a district court discretion to allow untimely responses where the party failed to act because of excusable neglect." *Rasco v. Potter*, 265 Fed. App'x 279, 283 (5th Cir. 2008) (internal quotation marks

---

[1] R. Doc. No. 81
[2] *See id.* at 1.
[3] The Court notes that Landry did not file a non-deficient motion for leave to file her untimely opposition until January 4, 2018, fifteen days after her original deadline to file an opposition to plaintiffs' motion for summary judgment

1

omitted); *see Vasudevan v. Adm'rs of Tulane Educ. Fund*, No. 17-30160, 2017 WL 3616380, at *3 (5th Cir. Aug. 22, 2017) (applying the "excusable neglect" standard to a district court's ruling on a motion to strike an untimely opposition). A number of factors are relevant to a court's excusable neglect inquiry, including "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006) (alteration in original). Landry carries the burden of demonstrating excusable neglect. *See Traffic Scan Network, Inc. v. Winston*, No. 92-2243, 1995 WL 83932, at *1 (E.D. La. Feb. 24, 1995) (Vance, J.) ("The burden of establishing excusable neglect is on the party seeking the enlargement of time.").

As for why her opposition is untimely, Landry explains as follows in her motion: "Counsel for Plaintiffs' did not allow Depositions in the matter to be taken until December 1, 2017, transcripts needed to be returned and plaintiffs' last amendment, among other documentary issues, was filed on December 18, 2017."[4] In her memorandum in support of her motion, Landry further alleges that "the deposition of plaintiff, Donald Rankey, raised issues not previously known to defendant, thus causing additional investigation as to his testimony as it directly affected summary judgment in the instant matter."[5] This explanation, however, does

---

[4] *Id.* (capitalization and punctuation in original).
[5] R. Doc. No. 81-1, at 2.

not explain why Landry never filed a motion to extend her deadline to file an opposition, nor does it explain why Landry waited eight days until after her deadline before first attempting to file an opposition.

Yet then Landry shifts gears and points to an entirely different reason for her failure to file a timely opposition: "Regrettably, also, counsel for Leigh Landry mistakenly calendared the due date for filing an opposition to plaintiffs motion for summary judgment with a motion to quash that Landry counsel was forced to file."[6] However, Landry filed her motion to quash on December 20, 2017.[7] As the Court previously explained, she did not attempt to file an opposition to plaintiffs' motion until December 27, 2017. This explanation still does not explain why Landry did not attempt to file an opposition until that time.

Regardless, courts in the Fifth Circuit have routinely concluded that calendaring errors do not constitute "excusable neglect" under Federal Rule of Civil Procedure 60(b)(1). *See, e.g.*, Buckmire v. Mem'l Hermann Healthcare Sys. Inc., 456 Fed. App'x 431, 432 (5th Cir. 2012) (affirming the district court's denial of a Rule 60(b)(1) motion where the lawyer "forgot to 'calendar' the deadline for a response"); *cf. Brittingham v. Wells Fargo Bank, N.A.*, 543 Fed. App'x 372, 374 (5th Cir. 2013) ("We have previously held that a district court does not abuse its discretion when it denies a Rule 60(b)(1) motion where the proffered justification for relief is the careless

---

[6] *Id.* (capitalization and punctuation in original). The Court notes that Landry did not raise this alleged calendaring error in either of her two previous attempts to file a motion for leave to file an untimely opposition.
[7] *See* R. Doc. No. 75.

mistake of counsel.").[8] The same "excusable neglect" standard applies under both 60(b)(1) and Rule 6(b)(1). *Compare Silvercreek Mgmt., Inc. v. Banc of Am. Sec., LLC*, 534 F.3d 469, 472 (5th Cir. 2008) (Rule 60(b)(1)), *with Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d at 161 n.8 (Rule 6(b)(1)).

Further, although the Court is uninformed of the reasons motivating plaintiffs' objection to Landry's motion for leave to file an untimely opposition,[9] the Court points out that the pre-trial conference and trial dates in this case are fast approaching.[10] Therefore, given the length of Landry's delay, Landry's explanation as to why she failed to timely file her opposition and why she did not first attempt to file an opposition until she did, and the potential impact of Landry's untimely opposition on these judicial proceedings, the Court concludes that—when balancing the relevant factors—Landry has failed to demonstrate excusable neglect under Rule 6(b)(1). *Cf. Hibernia Nat'l Bank v. Administracion Central Sociedad*, 776 F.2d 1277, 1280 (5th Cir. 1985) (finding excusable neglect under Rule 60(b)(1) where "the district judge's notice of the filing deadline did not reach [the attorney] until the day after the deadline had passed").

Accordingly,

---

[8] The Court points out that the Fifth Circuit has noted that "[e]ven if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler*, 376 Fed. App'x 442, 443 (5th Cir. 2010).

[9] For example, the Court does not know whether plaintiffs believe that they would be prejudiced by the opposition's untimeliness.

[10] The pre-trial conference is scheduled for January 23, 2018, and the trial is set to begin on February 20, 2018.

4

**IT IS ORDERED** that Landry's motion for leave to file an untimely opposition is **DENIED**.

New Orleans, Louisiana, January 5, 2018.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**