UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HOMELIFE IN THE GARDENS, LLC ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-15549** |
| **LEIGH LANDRY** | **SECTION: "I" (4)** |

### ORDER

Before the Court is a **Motion to Quash a Subpoena (R. Doc. 75)** filed by the Defendant seeking an order from the Court quashing a subpoena sent to a non-party attorney, Mario Bandaries, on the basis it seeks privileged information. The motion is opposed. R. Doc. 80. Oral argument was heard on January 24, 2018.

### I. Background

This is a diversity action filed by HomeLife in the Gardens, LLC ("HomeLife"), a citizen of Ohio and Tennessee, and Donald E. Rankey, Jr. ("Rankey"), a citizen of Ohio and member of one entity that is a member of HomeLife, against Leigh Landry ("Landry"), a citizen of Louisiana. R. Doc. 1.

The plaintiffs allege that on or about April 28, 2016, Landry became the Executive Director of HomeLife in the Gardens assisted living facility in New Orleans. Plaintiffs contend that within weeks of the commencement of Landry's employment HomeLife began receiving complaints relating to Landry's treatment and behavior towards HomeLife's residents, staff, vendors, and residents' families. R. Doc. 15, pp. 3-4.

After extending Landry's introductory period for an additional sixty days in early August due to the complaints, Plaintiffs contend that between August 11 and 15, 2016, HomeLife became aware that Landry's behavior did not change or improve. Additionally, Plaintiffs allege that on August 17, 2016, Landry called Rankey's son to tell him that she received a call from Rankey that

1

disturbed her and purportedly had Rankey's son listen to the message. Plaintiffs state that Rankey's phone records show that he did not make the disturbing call to Landry and that several resident and employees of HomeLife attest that Rankey was in a meeting at the time this call was supposedly made and he neither left the meeting nor made any calls. *Id.* at p. 5.

According to the Plaintiffs, Landry was terminated on August 17, 2016 due to complaints, as well as an unwillingness to conform to responsible and professional behavior. *Id.* at p. 6. HomeLife contends that on September 13, 2016, it learned that Landry was forwarding the voicemail to multiple people, claimed it was from Rankey, and that several marketers at an industry event were discussing the voicemail and that multiple individuals stated that no longer wished to do business with HomeLife based on the message. *Id.* at p. 6. Plaintiffs allege that the defendant either created or received the message from another caller and maliciously edited it to identify Rankey as the caller. *Id.* at p. 7. Plaintiffs further allege that Landry continues to falsely and maliciously proliferate the message throughout the industry, the greater New Orleans area, and the HomeLife in the Gardens community causing damages to reputation, business relations, business opportunities and goodwill. *Id.* The Plaintiffs seek damages for defamation and intentional infliction of emotional distress as well as a permanent injunction. *Id.* at pp. 8-12.

Landry filed an answer as well as a number of counterclaims on August 2, 2017. R. Doc. 48. Landry's counterclaims include sexual harassment, intentional infliction of emotional distress, assault and battery, whistleblower claims under Louisiana law, violations of the Louisiana Unfair Trade Practices Act, defamation per se as to Landry's EEOC claim, and fraud. *Id.* at pp. 7-14.

On January 9, 2018, the District Court issued an order granting counter-defendants' motion for summary judgement against Landry's with respect to all of her counterclaims except for her assault and battery claim. R. Doc. 83.

Currently before the Court is Landry's motion to quash a subpoena sent by the Plaintiffs to non-party attorney Madro Bandaries. R. Doc. 75. The subpoena requests all communications between the non-party attorney Madro Bandaries and Jennifer Medley (defense attorney in this case), Steve Rando, and Colin Lagarde regarding HomeLife in the Gardens and/or Leigh Landry from May 1, 2016 to the present. R. Doc. 75-2.

Defendant contends that Mario Bandaries is counsel in actions in the Civil District of Court of Orleans Parish in cases involving HomeLife and that Steve Rando and Colin Lagarde are counsel in a case against HomeLife. R. Doc. 75-1, p. 2. Plaintiff contends that the subpoena should be quashed because: (1) Defendants failed to follow the proper process in serving the subpoena; (2) the subpoena seeks privileged information or work product; and (3) the purpose of the subpoena is harassment or delay. R. Doc. 75.

Plaintiffs oppose the motion. R. Doc. 80. They argue that: (1) defense counsel was properly noticed pursuant to the federal rules of the intent to issue the subpoena; and (2) the subpoena does not seek privileged information or work product. *Id*.

## II. <u>**Standard of Review**</u>

Federal Rule of Civil Procedure 45(d)(3) governs the quashing or modifying of subpoenas. The Court must quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv). The Court may also modify or quash a subpoena that requires the disclosure of a trade secret or an unretained expert's opinion that does not describe specific occurrences in dispute and results from that expert's study that was not requested by a party. Fed. R. Civ. P. 45(d)(3)(B).

Subpoenas under Rule 45 may be served upon both party and non-parties. *Petit v. Heebe*, No. 15-3084, 2016 WL 1089351, at *2 (E.D. La. Mar. 21, 2016). However, in order to challenge the subpoena, the movant must: be in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it. *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *see also Johnson v. Mixon*, No. 13-2629, 2014 WL 1764750, at *4 (E.D. La. May, 2, 2014).

Federal Rule of Civil Procedure 45(a)(4) requires that if a subpoena commands "the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

Rule 26(b)(1) provides that parties may obtain discovery regarding relevant information to any claim or defense as long as it is nonprivileged. Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*.

### III. <u>Analysis</u>

First, the issue of standing is not addressed in the motion or opposition. Defendant seeks to quash the subpoena, however, in order to challenge the subpoena, the movant must: be in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it.

The conversations between Medley, defense counsel in this case, and Bandaries, who represents plaintiffs in state court in actions against HomeLife are argued by the Plaintiff as implicating privilege and therefore the Court finds that the Defendant has standing.

The Defendant argues that the Plaintiffs did not follow the proper procedure with respect to the subpoena. R. Doc. 75-1, p. 3. Defendant states that she has received no communications with respect to the subpoena and argues that the Louisiana Code of Evidence should apply to the subpoena and that those requirements were not followed. *Id.* Plaintiffs argue that the subpoena was properly issued pursuant to Rule 45. R. Doc. 80, p. 2.

Defendant's argument that the Louisiana Code of Evidence should apply is incorrect, instead the Court is required to apply Rule 45 to this issue. Rule 45 requires that if a subpoena commands "the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

The opposition includes an email indicating that the Plaintiffs informed the defendant of the subpoena and provided a copy on December 7, 2017 and issued the subpoena to Bandaries on December 8, 2017. R. Doc. 80-1. The Court, therefore, finds that Rule 45 has been satisfied. While there was some confusion with respect to the emails and attachments, the Plaintiffs have complied with Rule 45 since before the subpoena was served, notice and a copy was given to the opposing party in the case.

The subpoena in question sought, "Any and all communications including but not limited to emails and text messages by and between Madro Bandaries and Jennifer Medley, Madro Bandaries and Steve Rando and Madro Bandaries and Colin Lagarde regarding HomeLife in the Gardens and/or Leigh Landry from 05/01/2016-present." The Court was informed that Mr.

Bandaries, Mr. Rando, and Mr. Lagarde all represent clients that are in litigation with HomeLife in the Gardens, LLC, or its predecessor. Therefore, Plaintiff sought communications of lawyers not in the instant case.

The Court finds that Plaintiff was unable to articulate a reason for requesting these communications and that the Plaintiff was pursuing a fishing expedition into the communications of other lawyers. As a general matter the scope of discovery under a Rule 45 subpoena is the same as that of Rule 26 which requires the discovery to be relevant. *See Spring v. Bd. Of Trustees of Cape Fear Community College,* No. 7:15-CV-84-BO, 2016 WL 4204153 at *2 (E.D.N.C. Aug. 8, 2016); *see also* 9A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2552 (3d. ed.); *Baptiste v. Centers, Inc.,* 2013 WL 319758, at *2. As a result, "the court must examine whether a request contained in a subpoena duces tecum is overly broad or seeking irrelevant information under the same standards set forth in Rule 26(b)." *Hunsaker v. Proctor & Gamble Mfg. Co.*, 2010 WL 5463244, at *4 (D. Kan. 2010). The Court, in evaluating the subpoena in question, finds that it does not comply with the requirements of Rule 26(b) because it does not seek information relevant to the case and is facially overbroad. As such, the motion quash is granted with respect to the subpoena sent to Madro Bandaries is granted.

In addition, the Court *sua sponte* evaluated the second subpoena which was part of the same notice and provided to the Court at oral argument. That subpoena sought from Christopher Vincent, of the Louisiana Department of Health: "Any and all communications including but not limited to emails, detailed telephone records, text records or logs to or from Leigh Landry cell phone number (504) 235-1421 from 05/01/2016-present." R. Doc. 80-1, p. 5. First, the Court finds that the Defendant has standing as these are her personal communications and implicate Landry's privacy interests. Second, Plaintiffs' counsel was unable to articulate why the Christopher Vincent

would have any of the information or why that information listed in the subpoena was relevant. Therefore, the Court finds it appropriate to quash the subpoena to Christopher Vincent as well.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Defendant's **Motion to Quash Subpoena Duces Tecum (R. Doc. 75)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the subpoenas issued to Christopher Vincent and Madro Bandaries are **QUASHED**.

New Orleans, Louisiana, this 6th day of February 2018.

**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**